# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| **JAMES TAYLOR,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Case No.: 4:10-CV-2263-VEH** |
| | ) |
| **INDUSTRIAL WAREHOUSE** | ) |
| **SERVICES, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

---

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff James Taylor ("Mr. Taylor") initiated this lawsuit arising under the Fair Labor Standards Act ("FLSA") against Defendant Industrial Warehouse Services, Inc. ("IWS") on August 19, 2010. (Doc. 1). Pending before the court is Mr. Taylor's Motion to Compel (Doc. 12) (the "Motion") filed on March 28, 2011.

On March 29, 2011, the court entered an order directing the parties to file a statement with the court by 4:00 p.m. on April 8, 2011 (Doc. 13 at 1), if they were able to resolve the Motion, and further requiring IS to file its opposition to the Motion no later than 4:00 p.m. on April 11, 2011, if the parties still had unresolved issues. (*Id.*). Despite the fact that the parties were unable to reach an agreement about the

Motion, IWS never has filed any opposition.

After multiple joint requests that the hearing be continued, the court scheduled a hearing for June 17, 2011.  On June 16, 2011, counsel for Defendant requested yet another continuance.   A telephone conference was held. Counsel for defendant advised the court that she would not be able to attend the hearing if it were held on June 17th.  Counsel for Plaintiff stated that he preferred that the court rule on the Motion without a hearing rather than continuing the hearing again.   Having considered the length of time the Motion has been pending, Defendant's failure to respond to the Motion, and the necessity of ruling on the Motion in order for the case to progress, the court advised counsel that it would rule on the Motion without a hearing.

For the reasons stated herein, the Motion is **GRANTED**.

II.     **Standards**

A.     **The Court's Discretion in Deciding Discovery Disputes**

As the Eleventh Circuit has summarized the discretion afforded to a district court when dealing with discovery disputes:

> At the outset, we emphasize that district courts are entitled to broad discretion in managing pretrial discovery matters. *See, e.g., Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *United States v. McCutcheon*, 86 F.3d 187, 190

(11th Cir. 1996)). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002). Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid "a massive waste of judicial and private resources" and a loss of society's "confidence in the courts' ability to administer justice." *Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998) (internal citation omitted); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1132-34 (11th Cir. 2001); *Ebrahimi v. Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997); *Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991).

Nevertheless, "[t]his discretion [over discovery issues] is not wholly unfettered." *Chrysler Int'l Corp.*, 280 F.3d at 1360. We therefore review the district court's denial of the County's motion to withdraw the admissions under the abuse of discretion standard. *See Dean v. Barber*, 951 F.2d 1210, 1213 (11th Cir. 1992).

*Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002) (footnote omitted).

Under the abuse of discretion standard, the Eleventh Circuit "'will leave undisturbed a district court's ruling unless [it] find[s] that the district court has made a clear error of judgment, or has applied the wrong legal standard.'" *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (quoting *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1325 (11th Cir. 2005)).

## B.   IWS's Failure to Oppose

IWS's failure to file any opposition to Mr. Johnson's Motion is not without

significant repercussions.  As explained by Judge Steele in *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, at *1 (S.D. Ala. Nov. 27, 2007):

> Courts are not obligated to read a party's mind or to construct arguments that it has failed to raise and that are not reasonably presented in the court file. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ( "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it . . . ."); *see also Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 260 (1st Cir. 1999) (declaring that a "party who aspires to oppose a . . . motion must spell out his arguments squarely and distinctly, or else forever hold his peace," as district court may ignore arguments not adequately developed by nonmovant). Clearly, "the onus is upon the parties to formulate arguments." *Resolution Trust*, 43 F.3d at 599; *Bowden ex rel. Bowden v. Wal-Mart Stores, Inc.*, 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000) ("It is not for the court to manufacture arguments on Plaintiff's behalf."). Accordingly, plaintiff's decision not to respond to the Motion is at her peril.

*Williams*, 2007 WL 4219201, at *1 (emphasis added).

## III.   Analysis

Mr. Johnson's Motion establishes that IWS has inexcusably failed to make any initial disclosures as well as to provide responses to his outstanding discovery requests, despite Mr. Johnson's counsel's repeated efforts to obtain IWS's compliance with its discovery obligations.  (*See, e.g.*, Doc. 12-2 (letter from Mr. Johnson's counsel dated February 11, 2007, addressing overdue initial disclosures by IWS and reminding opposing counsel about upcoming discovery response deadline);

(Doc. 12-3 (email from Mr. Johnson's counsel dated March 7, 2011, addressing IWS's overdue discovery responses); Doc. 12-4 (email from Mr. Johnson's counsel dated March 24, 2011, advising opposing counsel that a motion to compel would be filed due to IWS's failure to provide initial disclosures and discovery responses)). In terms of relief sought, Mr. Johnson "requests that due to Defendant's failure to timely respond to Plaintiff's Request for Admissions, that, in accord with Rule 36(a)(3), Plaintiff's Request for Admissions be deemed admitted." (Doc. 12 at 2).

Rule 36 of the Federal Rules of Civil Procedure provides in pertinent part that:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3). Here, Mr. Johnson's discovery requests reflect a service date of January 31, 2011. (Doc. 12-1 at 13). Therefore, as more than 30 days have passed since IWS was served with requests for admission, and as IWS has neither provided an acceptable justification for such a glaring procedural omission nor sought a "withdrawal or amendment of the admission[,]"[1] Rule 36(a)(3) commands that all

---

[1] More specifically, Rule 36(b) states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the

such matters of "facts, the application of law to fact, or opinions about either[,]" *see* Fed. R. Civ. P. (a)(1)(A), or the "genuineness of any described documents[,]" *see* Fed. R. Civ. P. (a)(1)(B), be admitted.

Against this backdrop, the court must now separately review the requests for admission to verify whether the substance contained in each one involves material that is appropriately subject to Rule 36 treatment. *Cf. Perez*, 297 F.3d at 1260 n.12 ("The district court did not deem as admitted all of the items from the two requests. The court struck a number of items that improperly called for a 'legal conclusion,' and struck others that were 'uniquely within the knowledge of the plaintiff as opposed to the defendant.'"). With the scope of what may be permissibly admitted under Rule 36 in mind, Mr. Johnson's Motion is **GRANTED** with respect to requests for admission Nos. 1-16, which are **HEREBY DEEMED ADMITTED** by IWS.

## IV. Conclusion

Accordingly, for the reasons explained above, Mr. Johnson's Motion is

---

court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b) (emphasis added).

**GRANTED**.  As a result, requests for admission Nos. 1-16 are all **HEREBY DEEMED ADMITTED** by IWS.

Further, IWS is **HEREBY ORDERED** to fully provide initial disclosures no later than July 1, 2011.  Absent a showing of extraordinary circumstances, any procedural and/or substantive failure on the part of IWS to meet this <u>second</u> court-imposed deadline **<u>will result in the imposition of sanctions, which may include the entry of default judgment against it</u>**.

**DONE** and **ORDERED** this 27th day of June, 2011.

**VIRGINIA EMERSON HOPKINS**
United States District Judge